UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EARVIL WATSON,
    Plaintiff,

vs.                                                                         Case No.08-1145

CULLINAN, et. al.
    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court are Defendants Catton, Godar, Spracklyn, Earl Helm, and Houston's summary judgment motion [39], Plaintiff's response [45] and Defendants' reply [49].

Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997)).

Background

On June 23, 2008, Plaintiff filed a Complaint in this matter complaining of conditions and treatment at the Tazewell County Jail. On July 21, 2008, this court conducted a Merit Review of Plaintiff's complaint and allowed Plaintiff to proceed on an Eighth Amendment claim that defendants were deliberately indifferent to serious medical needs as well as claims made for due process violations under the Fourteenth Amendment, a First Amendment free speech claim and a policy and practice claim against the Sheriff. On October 22, 2008, this Honorable Court further recognized a claim made by Plaintiff alleging a violation of his First Amendment right to freedom of religion. Defendants are now moving for summary judgment on the basis that the Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a).

Undisputed Material Facts[1]

1. The Illinois Department of Corrections is authorized by law at 730 ILCS 5/3- 15-2 to issue county jail and detention standards regarding conditions of confinement and treatment of inmates. (See Exhibit A)
2. Regulations promulgated by the Illinois Department of Corrections pursuant to authority of state statute at 730 ILCS 5/3-15-2 regarding standards for county jail conditions and treatment of inmates are codified in the Illinois Administrative Code at Title 20, Section 701.160. (See Exhibit B)
3. Title 20, Section 701.160(c) requires county jails to allow detainees to "make requests or complaints to the jail administration in written form, without censorship as to substance." (See Exhibit B)

---

[1] Exhibits can be found attached to Defendants' summary judgment motion. In his response [40], Plaintiff does not present any additional material facts. Rather, Plaintiff lists "undisputed material facts." However, Plaintiff provide an affidavit and does not cite to any evidence, testimony or anything in the record to support the assertions in the "undisputed material facts."

2

4. In compliance with state law and regulations, the Tazewell County Jail maintains administrative procedures for inmates and detainees to make complaints regarding jail conditions and treatment by staff and officers.  (See Affidavit of Earl Helm at #6-8)
5. The Tazewell County Jail provides Jail Detainee Handbooks to all detainees and inmates when classified for placement in the jail.  The handbook contains instructions, direction and information regarding how to make a complaint or file a grievance regarding conditions or treatment at the jail.  A handbook was provided to Plaintiff.  (See Affidavit of Earl Helm at #9 and Exhibit C)
6. Written complaint and grievance forms are made available to any inmate or detainee who wishes to make a complaint or grievance or make any other request at the Tazewell County Jail.  These forms were available to the Plaintiff during his incarceration at the Tazewell County Jail.  (See Affidavit of Earl Helm at # 10 and Exhibit D)
7. Written complaints or grievances made by an inmate or detainee at the Tazewell County Jail may be submitted to a corrections officer for review by jail officials.  (See Affidavit of Earl Helm at #12-14 and Exhibit C)
8. Jail officials review and respond to each complaint or grievance within fifteen (15) days unless the complaining party is informed more time is required.  (See Affidavit of Earl Helm at #14)
9. Detainees or inmates at the Tazewell County Jail who wish to appeal a response or decision on the complaint or grievance may submit an appeal of the decision to a jail official with a higher ranking than the official who provided the initial response or decision.  (See Affidavit of Earl Helm at #14)
10. Detainees and inmates at the Tazewell County Jail are permitted to file a complaint or grievance before the Illinois Department of Corrections Jail and Detention Standards Unit if any complaint or grievance and associated appeal are not resolved adequately with officials at the Tazewell County Jail.  (See Affidavit of Earl Helm at #15)
11. Plaintiff filed one complaint during his incarceration at the Tazewell County Jail.  The complaint addressed only Plaintiff's inability to use phone cards.  (See Plaintiff's Complaint Exhibit) Plaintiff received a staff response to his complaint and did not file an appeal of the response.  (See Affidavit of Earl Helm at #16-18)
12. Copies of appeals related to a complaint or grievance submitted by an inmate or detainee at the Tazewell County Jail are kept on file at the Tazewell County Jail and organized by the inmate's last name.  (See Affidavit of Earl Helm at #19)
13. Plaintiff has not filed an appeal from a decision of jail officials on any written complaint or grievance filed at the Tazewell County Jail.  (See Affidavit of Earl Helm at #18, 20)
14. Title 20, Section 701.160(c) of the Illinois Administrative Code allows detainees to file complaints with the Illinois Department of Corrections Jail and Detention Standards Unit where a complaint or grievance has not been "resolved at the local level."  (See Exhibit B)  The administration of the Tazewell County Jail permits inmates and detainees to file complaints before the Illinois Department of Corrections Jail and Detention Standards Unit.  (See Affidavit of Earl Helm at #15 )
15. Plaintiff has never filed a complaint or grievances before the Illinois Department of Corrections Office of Jail and Detention Standards.  (See Affidavit of Earl Helm at #21 and Exhibit E )

16.     Plaintiff was detained in the Tazewell County Jail on February 28, 2008[2].

      Plaintiff's undisputed fact numbers 2-4 are immaterial to the Defendants' First Motion for Summary Judgment related to the failure to exhaust administrative remedies.  The only issue raised in Defendants' First Motion for Summary is related to whether or not the Plaintiff exhausted administrative remedies related to his complaints about treatment at the Tazewell County Jail.  Plaintiff's medical condition prior to detainment at Tazewell County Jail does not relate to whether or not he failed to exhaust administrative remedies.  Further, these facts are not supported by any affidavits, testimony or sworn statements.  Further, Plaintiff's facts numbers 5-10 are not supported by any affidavits, testimony or sworn statements.  As such these facts are not considered.

Discussion and Conclusion of Law

      There is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies as required.  Plaintiff presents no affidavits, testimony, evidence or references to anything on file or in the record to support his assertions or dispute those made by Defendants.  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial."  *See* Fed.R.Civ.P. 56(e).  Here, Plaintiff has not provided any evidence of any kind.

      Section 1997e(a) provides that no action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  Therefore Section 1997e(a) requires the Plaintiff to have exhausted any available administrative remedies prior to bringing a civil rights.  The record before this court shows that procedures existed at the Tazewell County Jail and within the Illinois Department of Corrections (hereinafter IDOC) that permitted Plaintiff to pursue a remedy for any complaints regarding his living conditions or treatment while he was incarcerated at the Tazewell County Jail (hereinafter Tazewell).  Tazewell provides a procedure for both making an administrative complaint and appealing a decision or to that complaint.  In addition, county jail inmates who are dissatisfied with any administrative decision on a complaint made at the jail are permitted to file a complaint before the IDOC  Jail and Detention Standards Unit.  Because the Plaintiff did not fully exhaust these procedures, he has failed to fulfill that obligation as required pursuant to §1997e(a).

      Administrative procedures existed to address the jail conditions and treatment and Plaintiff was aware of the procedures.  Tazewell provides a grievance process as required by the IDOC regulations for addressing complaints and grievances. When detainees are assigned a housing unit at the jail, they are provided a handbook titled "Tazewell County Jail Detainee Handbook."  Plaintiff does not dispute that he was provided one of these handbooks.  The

---

[2]Defendants concede to this fact.

handbook provided instructions for Plaintiff to file a grievance with Tazewell's administrators regarding treatment and conditions of confinement. Tazewell makes written forms available to all detainees for the purpose of filing a grievance regarding their treatment and conditions of confinement. These forms were made available to Plaintiff during his time of incarceration at Tazewell and he was able to file a grievance regarding conditions or treatment and could have submitted the form to an officer at the jail for review by jail officials. Tazewell retains written appeals of decisions or responses provided to complaints or grievances. Plaintiff was evidently aware of the forms and administrative processes available at Tazewell because the record before this court shows Plaintiff submitted a copy of one of the written forms he has marked as complaints or grievances regarding his alleged prohibition from phone card use. However, the complaint form regarding the alleged prohibition from phone card use Plaintiff has submitted with the instant complaint is the only written complaint or grievance Plaintiff filed during his time of incarceration at Tazewell. The record shows that Plaintiff received a response from staff and did not appeal this grievance nor did he file a complaint with IDOC. Apparently Plaintiff was aware that Tazewell had a process for the hearing of grievances regarding treatment at the jail and conditions of confinement at the jail. However, Plaintiff did not fully pursue his administrative remedies for the issues he complains of in his complaint.

The record before this court shows Plaintiff never pursued any grievance beyond the very initial stages of the jail administrative complaint process. Plaintiff's failure to pursue any grievance through all the available administrative processes results in his failure to exhaust his administrative remedies. To have exhausted administrative remedies, an inmate or detainee is required to "file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002). Plaintiff has failed to meet this requirement. As the plaintiff's claims against the remaining defendant, Dr. Cullinan are the same as discussed in this order, Plaintiff cannot proceed against Dr. Cullinan for the same reason.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 56(c), Defendants' summary judgment motion is granted [39]. Further, pursuant to 42 U.S.C. §1997e(a) and Fed. R. Civ. P. 56(c), Dr. Cullinan's summary judgment motion [43] is also granted. Any remaining motions are denied as moot. The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith. The parties are to bear their own costs. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.
2. Although his lawsuit is dismissed, Plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The court notes that record shows Plaintiff has made no payments towards the filing fee. Therefore, he currently owes $350.00.
3. The clerk is directed to mail a copy of this order to Plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

4. The agency having custody of Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from Plaintiff's trust fund account to the clerk of the court each time Plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.
5. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. Further, Plaintiff may be assessed a strike if his appeal has no merit.

Enter this 10th day of September, 2010.

_____s/Harold A. Baker_____
Harold A. Baker
United States District Judge